MISS ELLEN ROBINSON AND MRS. KATE R. McDIARMID v. BEN BUSIC AND I. W. ADAMS.

(Filed 2 November, 1966.)

APPEAL by defendant from *Crissman, J.,* June, 1966 Civil Session, WILKES Superior Court.

The plaintiffs instituted this civil action to recover from the defendant, Ben Busic, damages resulting from the fraud he perpetrated on the plaintiffs by inducing them to sell and convey to him by timber deed the merchantable timber on designated tracts of their lands. The plaintiffs are sisters, 73 and 81 years of age. They are inexperienced in business matters. After numerous visits, the appellant, an experienced timber dealer, advised the plaintiffs that the big trees on their lands, worth $200.00, needed to be cut and removed in order to permit the younger trees to grow. He had his attorneys prepare a deed for *all merchantable timber* on more than 100 acres of land, presented the deed, explaining to plaintiffs that merchantable

timber meant only a few big trees. Plaintiffs signed the deed. This was in January. In October, following, Busic sold the timber to I. W. Adams for $6,250.00. Appellant requested Adams not to divulge to the plaintiffs the amount he paid for the timber. Adams testified he would have paid the ladies as much in January as he paid Busic in October. The action was dismissed as to him.

Adams cut 394,334 board feet of lumber for which he received $23,015.35.

The jury answered the issues as here indicated:

"1. Did the defendant procure the timber of the plaintiffs by false and fraudulent representations, as alleged in the complaint?
Answer: Yes.
"2. If so, what amount, if any, are the plaintiffs entitled to recover of the defendant?
Answer: $5,525.00."

From a judgment on the verdict, the defendant appealed.

*McElwee & Hall by John E. Hall for plaintiff appellees.*
*Ferree & Brewer for defendant appellant.*

PER CURIAM. The appellant took many exceptions to the admissibility of evidence and to designated parts of the court's charge, none of which is sustained. The rule for the assessment of damages given by the court, while not technically correct, nevertheless was in nowise prejudicial to the defendant. There is nothing in this record to suggest the defendant would fare better, and he might fare worse at another trial.

No error.